**In re David G.**

No. 99–17–Appeal.

Supreme Court of Rhode Island.

Nov. 24, 1999.

Virginia M. McGinn, Aaron L. Weisman, Providence, Shilpa Naik, for plaintiff.

Edward P. Nolan, Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on November 8, 1999, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. The respondent, David G. (respondent), appeals from an adjudication of delinquency based on a Family Court justice's determination that the respondent committed second-degree sexual assault. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

The respondent and Frank (Frank or victim),[1] both fifteen years of age at the time of trial, resided in adjacent rooms at Harmony Hill School during February 1998 and maintained a casual friendship. According to Frank's testimony at trial, respondent created a card game between himself and Frank wherein the loser of the game would touch the other's genital area. Frank told respondent that he did not want to play the game but that respondent threatened to "kick [his] ass" if he did not play. Mindful of respondent's reputation for violence and fearing for his personal safety, Frank reluctantly agreed to play the game. Ultimately Frank lost the card game. The respondent stated that, because of the loss, Frank now "owe[d]" him.

Beginning that night and on at least three other occasions over the next two weeks, respondent engaged in certain sexual acts with Frank. According to Frank's testimony on direct examination, the first incident occurred when respondent came to Frank's room and told Frank to touch him on his private parts. Frank complied for a couple of minutes, and then respondent pushed his hand away and started masturbating. During the second incident, Frank testified that respondent masturbated and then touched Frank's penis. On cross-examination, Frank was less clear about when the physical contacts between him and respondent had occurred. He stated that he touched respondent during the second incident and that Frank touched him during the fourth incident. On recross-examination Frank indicated that he did not touch respondent but that respondent had once touched him. During his testimony Frank acknowledged his uncertainty about the exact dates but stated that the incidents occurred in February 1998.

The respondent also testified at trial. His version of events differed from Frank's. The respondent testified that Frank initially suggested playing a video game wherein the loser would touch the winner's genitals. The respondent stated that he first declined but then agreed. During a best-of-three competition, each won a single game, but no touching resulted since they had to stop playing with the series tied. Later they played a card game with similar stakes. Despite the fact that respondent won the card game, again nothing happened as each declined to touch the other. The respondent admitted that he and Frank masturbated in each other's presence but denied ever touching or being touched by Frank.

At the conclusion of the case, the Family Court justice concluded that the state had presented sufficient evidence to establish beyond a reasonable doubt that respondent had committed second-degree sexual

---

1. The name of the victim has been changed to protect his identity.

assault on Frank. The trial justice found that respondent had suggested the game and threatened to harm Frank if he did not play. Although the victim was somehow confused about the dates and about what events occurred on those specific dates, the trial justice found that "it was clear that [r]espondent had sexual contact with the victim, and the victim had sexual contact with the [r]espondent as a result of coercion by the [r]espondent to the victim." Further, the trial justice found that respondent intentionally touched the victim for the purpose of sexual arousal or gratification. Regarding credibility, the trial justice expressly found that Frank was a credible witness whereas respondent was not. As such, the trial justice found respondent guilty of second-degree sexual assault and committed him to the Rhode Island Training School.

On appeal respondent asserts three claims of error. First, respondent argues that the trial justice misconceived or overlooked material evidence by disregarding contradictions in the victim's testimony and in finding the victim credible. Second, respondent contends that the evidence does not support a finding that the state met its burden in proving each and every element of the crime of second-degree sexual assault. Last, respondent claims that as a result of his adjudication of delinquency for sexual assault, he will have to register as a juvenile sexual offender and that the law requiring such registration is unconstitutional.

■ Regarding respondent's first contention, it is well established that this Court gives great weight to the findings of a Family Court justice. Those findings will not be disturbed absent a showing that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *In re Nicole B.,* 703 A.2d 612, 615 (R.I.1997); *In re John W.,* 682 A.2d 930, 932 (R.I.1996). A trial justice's decisions concerning "questions of credibility carry great weight because of the advantage he [or she] had in seeing and

hearing the witnesses as they testified." *In re Frederick,* 546 A.2d 160, 164 (R.I. 1988) (quoting *Lee v. Raymond,* 456 A.2d 1179, 1184 (R.I.1983)). Unless the record discloses that the Family Court justice was clearly wrong, we shall not disturb his or her decision. *Id.*

In respondent's case the testimony at trial elicited two contradictory versions of the same events by respondent and by the victim. While noting some inconsistencies in the victim's testimony regarding specific dates and the sequence of events, the trial justice nonetheless found the victim to be credible and chose to believe him. In fact the trial justice explicitly found respondent not to be credible. On the basis of the testimony presented at trial, the trial justice found that respondent had made sexual contact with the victim. Our review of the record discloses that the trial justice did not overlook or misconceive any material evidence. Given the victim's testimony concerning the material events that formed the basis of the charge against respondent and the trial justice's ability to observe the demeanor, tone, and attitude of the witnesses, we cannot say that the trial justice's determinations of credibility were clearly wrong.

■ The respondent's second contention is that the evidence, taken as a whole, does not establish the offense charged. The respondent argues that the record is devoid of any evidence of coercion to participate in any sexual activity. General Laws 1956 § 11–37–4(2) provides that a person is guilty of second-degree sexual assault "if he or she engages in sexual contact with another person and * * * uses force or coercion." Included within the ambit of "force or coercion" is the situation in which the accused "[c]oerces the victim to submit by threatening to use force or violence on the victim and the victim reasonably believes that the accused has the present ability to execute these threats." Section 11–37–1(2)(C). In this case Frank testified that he feared respondent because respondent was "real tough like a real

street kid" who had assaulted school staff members in the past. According to Frank, respondent had told him that he would "kick [Frank's] ass" or "smash [Frank's] head in" if he did not play the game. The victim believed that respondent would carry out his threats. On the basis of this testimony, it is clear that Frank's testimony established the necessary force or coercion to satisfy the statutory requirements of § 11–37–4(2).

Further, respondent argues that insufficient evidence existed to prove that he touched the victim for the purpose of sexual arousal or gratification since he had not been aroused during the touching. Section 11–37–1(7) defines sexual contact as including "the intentional touching of the victim's or accused's intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification, or assault." Although we do not read this statute so narrowly as to include a requirement of physical arousal, the victim's testimony at trial clearly supports a finding of sexual arousal on the part of respondent. On both direct and cross-examination, the victim testified that on one occasion respondent made motions to the victim to touch respondent on the genitals while respondent had an erection. Regardless of any specific physical arousal of respondent, however, the victim's testimony taken as a whole clearly indicates that respondent committed the touching for the purpose of sexual gratification.

The respondent's final argument is that his constitutional rights to due process and equal protection are violated by subjecting him to register as a sex offender pursuant to the Sexual Offender Registration and Community Notification Act (the Act). *See* G.L.1956 chapter 37.1 of title 11. The respondent argues that his juvenile conviction of second-degree sexual assault will follow him long after he reaches the age of adulthood when juvenile records are typically sealed. The Act, respondent contends, fails to afford a juvenile an opportunity to terminate his or her duty to register after age twenty-one and, further, does not give a juvenile an opportunity for a jury trial.

An issue that has not been raised and articulated at trial is not properly preserved for appellate review. *State v. Pineda*, 712 A.2d 858, 861 (R.I.1998). We have recognized an exception to the raise-or-waive rule if "basic constitutional rights are concerned." *State v. Mastracchio*, 672 A.2d 438, 446 (R.I.1996). To fall within this exception, however, "the error asserted must go beyond the level of harmless error, the record must be 'sufficient to permit a determination of the issue,' and counsel's failure to raise the issue must be premised upon 'a novel rule of law that counsel could not reasonably have known during the trial.'" *State v. Donato*, 592 A.2d 140, 142 (R.I.1991) (quoting *State v. Estrada*, 537 A.2d 983, 987 (R.I.1988)). We are of the opinion that the case before us does not meet any of the requirements of the exception. The record below is devoid of any mention of the ramifications of the respondent's conviction. Moreover, we do not believe that the Act is so novel that counsel should not have known about its existence during trial.

For the reasons stated, the respondent's appeal is denied and the judgment of the Family Court is affirmed.