Harvey REALTY

v.

**KILLINGLY MANOR CONDOMINIUM ASSOCIATION et al.**

No. 2000–157–APPEAL.

Supreme Court of Rhode Island.

Dec. 14, 2001.

Patrick T. Conley, East Providence, for Plaintiff.

Donald R. Lembo, North Providence, Richard G. Riendeau, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

Killingly Manor Condominium Association (defendant) appeals from the final judgment of the Superior Court granting four petitions to foreclose its right of redemption in a tax sale. This case came before the Court for oral argument on November 6, 2001, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

On August 27, 1998, Harvey Realty (plaintiff) bought four condominium units from the City of Providence in a tax sale. These units (C, F, G and H) are in Killingly Manor Condominiums at 336 Killingly Street, Providence. More than one year later, on August 31, 1999, plaintiff filed four petitions in Superior Court to foreclose defendant's right of redemption on the units. The defendant contested the petitions, arguing that the underlying tax sale was invalid because defendant did not receive proper notice. On January 27, 2000, the trial justice held a hearing and determined that the notice was not defective. The petitions were granted on February 15, 2000, foreclosing defendant's right of redemption on all four units. On that same day, the trial justice granted defendant's motion to consolidate the four cases. The defendant timely appealed.[1]

## I

### Notice Pursuant to G.L.1956 § 44-9-9

■ The defendant argues that the tax sale was invalid because its name did not appear in any newspaper before the tax sale. See G.L.1956 § 44-9-9.[2] "It is

---

1. The defendant appeals the trial justice's decision relating to only units F and G.

2. General Laws 1956 § 44-9-9 provides in pertinent part that "[b]efore the sale the col-

well settled that this Court will not consider on appeal an issue that was not raised before the trial court." *Rhode Island Depositors Economic Protection Corp. v. Rignanese*, 714 A.2d 1190, 1196–97 (R.I. 1998) (citing *Casey v. San–Lee Realty, Inc.*, 623 A.2d 16, 18 (R.I.1993) and *Bouchard v. Clark*, 581 A.2d 715, 716–17 (R.I. 1990)). "An exception to the raise-or-waive rule is that this Court will review allegations of violations of basic constitutional rights but even then only in very narrow circumstances." *Id.* at 1197 (citing *State v. Burke*, 522 A.2d 725, 731 (R.I. 1987)). The defendant must show that: "First, the error complained of must consist of more than harmless error. Second, the record must be sufficient to permit a determination of the issue. * * * Third, counsel's failure to raise the issue at trial must be due to the fact that the issue is based upon a novel rule of law which counsel could not reasonably have known at the time of trial." *State v. Smith*, 766 A.2d 913, 919 (R.I. 2001) (quoting *Burke*, 522 A.2d at 731).

In the instant case, defendant's first claim does not merit appellate review. Although the tax sale arguably affected defendant's due process rights, defendant did not meet its burden with respect to conditions two and three contained in *Burke*, 522 A.2d at 731. The Superior Court record is devoid of any discussion of the allegedly defective advertisement. Thus, the insufficient record does not permit a determination of the issue. Furthermore, there is no novel rule of law involved. Accordingly, defendant's first claim is waived.

## II

### Notice Pursuant to G.L.1956 § 44–9–10

■ The defendant argues that the trial justice erred by determining it had received proper notice of the tax sale under § 44–9–10. "It is well established that findings of fact by a trial justice sitting without a jury are accorded great weight upon review by this Court, and [that] those factual determinations "will not be disturbed unless the justice has overlooked or misconceived material evidence or was otherwise clearly wrong." ' " *Finnegan v. L.K. Goodwin Co.*, 768 A.2d 422, 424 (R.I. 2001) (quoting *Palazzolo v. State*, 746 A.2d 707, 711 (R.I.2000)). Section 44–9–10 requires:

"the collector [to] * * * notify the *taxpayer* of the time and place of sale either by registered or certified mail sent postpaid to the taxpayer's last and usual place of abode not less than twenty (20) days before the date of sale * * * [and][i]f the estate taxed is a corporation, the notice may be sent either by registered or certified mail to its place of business or left at the business office of the corporation with some person employed there." (Emphasis added.)

The defendant specifically argues that plaintiff cannot prove notice was sent by certified mail because no receipts were found in the city records. The plaintiff alleges that the notice was sent by certified mail at least twenty days before the date of sale, and that the receipts originally were in the records, but since have been removed from the files. After considering the evidence, the trial justice found that:

"based upon the competent evidence before it that the statutes relative to foreclosure both by the city and by the lienholder were properly and lawfully complied with. The [c]ourt finds based on the vague testimony [of defendant] * * * [t]hat [defendant] basically has no recollection one way or the other. The [c]ourt is satisfied with the quality of the

---

lector shall * * * cause to be published in some public newspaper published in the town * * * a statement concerning the time and place of sale, the real estate liable for payment of taxes, and the name of the person against whom the real estate was assessed."

information set forth in the affidavits filed by the city. Accordingly, the petition is granted as to each of the matters before the [c]ourt."

The defendant has presented no evidence that the trial justice overlooked or misconceived material evidence, nor that he was clearly wrong. In fact, it appears that defendant did not even qualify for the statutory notice because it is not the taxpayer. The record reflects that Linda Ajootian, not defendant, was the "assessed account name" by the City of Providence for tax purposes since 1991. Thus, defendant was not entitled to notice under § 44-9-10.

Regardless, this Court has adopted the view taken by the United States Supreme Court that "[in] an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Robert P. Quinn Trust v. Ruiz*, 723 A.2d 1127, 1129 (R.I.1999) (quoting *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 795, 103 S.Ct. 2706, 2709, 77 L.Ed.2d 180, 185 (1983)).[3] In this case, both parties agree that defendant is an interested party. More importantly, in the court-appointed title examiner's report,[4] defendant is listed as a party that may have an interest in the properties and is listed as the former fee holder of both condominium units.

■ Thus, the defendant, as an interested party, was entitled to some form of notice. "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Ruiz*, 723 A.2d at 1129 (quoting *Mennonite*, 462 U.S. at 800, 103 S.Ct. at 2712, 77 L.Ed.2d at 188). The trial justice found that the defendant did receive notice by certified mail, which satisfies the constitutional requirement.

Accordingly, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers of the case are remanded to the Superior Court.

---

**3.** At the time of the tax sale, § 44–9–11 regulated interested party notice. In *Robert P. Quinn Trust v. Ruiz*, 723 A.2d 1127, 1129 (R.I.1999), we declared that "[b]ecause § 44–9–11 does not provide for mail or personal notice to [the] readily identifiable interested parties, the statute is unconstitutional * * *."

**4.** This report was accepted and approved by the trial justice on September 2, 1999.