**STATE**

v.

**Alfred SILVIA, Sr.**

**No. 1999–438–C.A.**

Supreme Court of Rhode Island.

June 4, 2002.

Aaron L. Weisman, Dawn Cover Huntley, Providence, for Plaintiff.

Christoph S. Gontarz, Middletown, for Defendant.

Present LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

FLANDERS, Justice.

Convicted in Superior Court of sexually molesting his granddaughter, the defendant, Alfred Silvia, Sr. (defendant) seeks to challenge on appeal the sufficiency and consistency of the sexual-assault evidence that sealed his guilt, as well as the constitutionality of the legislation that will require him to register as a sexual offender upon his release from prison.

The defendant appeals from a judgment of conviction on two counts of second-degree child molestation after a Superior Court trial justice, sitting without a jury, found him guilty of these charges. The trial justice sentenced defendant to two consecutive terms of twenty-five years at the Adult Correctional Institutions (ACI): five years to serve and the remainder suspended with probation. Pursuant to the Rhode Island Sexual Offender Registration and Community Notification Act, G.L. 1956 chapter 37.1 of title 11 (the act), defendant's conviction for second-degree child molestation requires him to register as a sexual offender upon his release from the ACI.

On appeal, defendant argues that this Court should reverse his conviction because the verdict was inconsistent with the facts adduced at trial and because the trial justice overlooked credible evidence and misapplied certain medical evidence in considering defendant's motion to dismiss the charges. With respect to the act's requirement that he register as a sexual offender upon his release from prison, defendant contends that the act is an unconstitutional bill of attainder; that it violates both the federal and Rhode Island constitutional prohibitions against cruel and unusual punishments; that it deprives him of equal protection of law, as guaranteed to him by art. 1, sec. 10, of the Rhode Island Constitution; that it violates his right to privacy, and that it violates his right to procedural due process as protected by both the United States and Rhode Island Constitutions.

For the reasons registered in this opinion, we hold that defendant's conviction was not inconsistent with the facts adduced at trial, that those facts were sufficient to establish his guilt, and that he waived his arguments concerning the act because he failed to raise, brief, and argue them properly before the Superior Court. We therefore deny his appeal and affirm his conviction.

**Facts and Travel**

The state indicted defendant for sexually molesting his granddaughter (victim or child) on a day or dates between November 1, 1994, and September 27, 1997, when she was between four and six years old. The victim testified that her father frequently brought her to her grandfather's house in Portsmouth, and that she would sometimes go swimming there in defendant's pool. On one occasion, she testified, after she went swimming in his pool, defendant led her to his bedroom by the wrist, shut the door, removed his clothes and a towel she had wrapped around herself, placed tape over her mouth, and "stuck his pee-pee in my pee-pee." She also stated that, before he placed the tape over her mouth, she told defendant to "stop." After the assault, according to the child, defendant said to her: "[d]on't tell anyone."

The victim also testified about a second alleged incident on that same day during which defendant again molested her. She stated that:

"[w]hen I was going to the bathroom, he [defendant] opened the door, and he told me to lift up my shirt. He then—he wrapped a chain around me, and he put

the same kind of tape that he put on my mouth, then he put it on my mouth again. He sucked on my boobies."

Later that day, at her father's house, the child told her father that her "pee-pee hurt." According to the victim, these molestations occurred while she lived in her mother's apartment in Portsmouth. Nevertheless, she did not tell her mother about the attacks until they had moved to Middletown.

The state eventually charged defendant with one count of first-degree child molestation and one count of second-degree child molestation. The indictment originally alleged that the molestations occurred on "a day and *dates* between November 1, 1994, and September 27, 1997, the exact day and dates unknown to the grand jurors." (Emphasis added.) Before trial, however, the state amended the indictment to say that the offenses occurred on a particular "day and *date*" in that same period. (Emphasis added.) The case then proceeded to trial, jury waived, before a Superior Court trial justice. On defendant's renewed motion to dismiss after the close of all the evidence, the trial justice reviewed the testimony and assessed the credibility of the various witnesses. He stated that, even though he found the victim to be generally credible, "the court has difficulty accepting her entire story." Specifically, the trial justice said that he did not necessarily believe that defendant had used any tape or chains when he assaulted the victim. Moreover, he found

that the prosecutor's evidence failed to dispel a reasonable doubt about whether the bedroom incident involved the actual sexual penetration of the victim.[1] The trial justice, however, found defendant guilty beyond a reasonable doubt of the lesser-included offense of second-degree child molestation, concluding that, after defendant had removed his clothes and the victim's towel, he had placed himself on top of the victim and engaged in intentional sexual contact with her "intimate parts." G.L. 1956 § 11–37–1. The trial justice also found defendant guilty of the original second-degree child-molestation charge, involving defendant's sexual contact in the bathroom with the victim's breasts.

On appeal, defendant asserts that the trial justice committed various errors that warrant reversal. He first argues that the trial justice erred in not granting his motion to dismiss the charges at the close of all the evidence. He suggests that the trial justice could not have found him guilty of the lesser-included offense of second-degree child molestation because the victim "never mentioned anything about vaginal contact, only penetration." Moreover, defendant maintains, the trial justice erred by overlooking evidence of his alleged sexual impotence; therefore, he posits, he could not have become sexually aroused. As a result, he concludes, the state introduced no evidence of defendant's arousal during the alleged bathroom assault.[2] The defendant also contends that the trial justice erred in finding that both

---

1. The prosecution's medical expert, Dr. Jenny, testified on direct examination that "[o]n the basis of my medical findings alone, I cannot either rule in nor rule out penetration." Furthermore, she testified on cross-examination that "[t]here was no physical evidence [of penetration]."

2. The defendant also maintains that, although the penetration the child spoke about allegedly took place in defendant's bedroom, the trial

justice erroneously found that this incident also had occurred in the bathroom. We have carefully reviewed the trial transcript and conclude that the trial justice committed no such error. He clearly indicated that, although he found that no sexual penetration occurred in the bedroom, sexual contact did occur there, and that another sexual contact with the victim occurred in the bathroom.

sexual assaults occurred when defendant and the child were alone "at least one day during the period set forth in the indictment." He contends that the trial justice misconceived contradictory evidence about when the molestations occurred because the victim testified that defendant assaulted her while she was attending school, but her mother testified that the child did not attend school while they lived in the Portsmouth apartment.

The defendant also challenges the act's constitutional validity. He argues that the act constitutes an illegal bill of attainder; that it inflicts cruel and unusual punishment upon him; that it deprives him of his state constitutional right to equal protection of the laws; that it disseminates personal information about him in violation of his right to privacy; and that it unlawfully deprives him of his property and liberty interests that are protected by procedural due process.

The state argues that the trial justice properly denied defendant's motion to dismiss, and appropriately found defendant guilty of the lesser-included offense of second-degree child molestation for the bedroom incident. The trial justice, the state contends, was fully justified in finding that, although the state lacked proof beyond a reasonable doubt that defendant had sexually penetrated the victim, defendant did in fact molest her by "lying on top of her in contact with intimate body parts, including her genital area, her groin * * *." Furthermore, the state points out, the trial justice noted that defendant provided "ambiguous testimony" about his alleged impotence. Finally, the state contends, the victim never testified that the assaults took place while she attended school; therefore, the trial justice could not have erred in refusing to grant defendant's motion to dismiss for that reason.

The state responds in two ways to defendant's constitutional challenges to the act. First, it contends that defendant is precluded from raising these issues on appeal because of the raise-or-waive doctrine. Although, after his sentencing, defendant orally challenged the constitutionality of the act on the grounds that it violated art. 1, sec. 8, of the Rhode Island Constitution (barring the infliction of "cruel punishments"), he declined to file a legal brief challenging the act with the trial justice, nor did he request a hearing before the trial to address his constitutional challenges. As a result, the trial justice refused to consider declaring the statute unconstitutional without the benefit of legal briefing and argument from defendant on this subject. And even though the court invited him to do so, defendant never provided the trial court with the requested legal briefing in support of his conclusory assertion that the act violated his state constitutional right not to inflict any cruel punishment upon him. Nor did he file any motions with respect to the requirement that he register as a sexual offender. Therefore, the state argues, we should deem his claims to be waived. Next, the state argues, even if he had raised these issues and properly argued them to the sentencing justice, defendant's constitutional challenges are unripe for review by this Court. The state bases its ripeness argument on the fact that the act does not require defendant to register until after he has completed his term of incarceration. The defendant's release from the ACI, the state posits, would be the appropriate time for him to challenge this statute. We respond to each of these arguments below.

## Analysis

### I

### Sufficiency and Consistency of the Evidence

Because a trial justice heard this case without a jury, our standard of review

is different than if a jury had returned a guilty verdict on these charges. When passing on a motion for a judgment of acquittal in a jury trial of a criminal case, a "trial justice must view the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of the witnesses, and draw therefrom every reasonable inference consistent with guilt." *State v. Mercado,* 635 A.2d 260, 263 (R.I.1993). This standard, however, applies only to criminal charges tried before a jury. In a jury-waived criminal proceeding such as this one, a motion to dismiss—not a motion for judgment of acquittal—is the appropriate motion for a defendant to file when seeking to challenge the legal sufficiency of the evidence. Thus, in responding to such a dismissal motion presented after the close of all the evidence, the trial justice should:

> "weigh and evaluate the trial evidence, pass upon the credibility of the trial witnesses, and engage in the inferential process, impartially, not being required to view the inferences in favor of the nonmoving party, and against the moving party. After so doing, if the trial justice in a criminal case setting concludes that the trial evidence is sufficient to establish guilt beyond a reasonable doubt, he or she denies the defendant's motion to dismiss and, if both sides have rested, enters decision and judgment of conviction thereon. If the evidence is not sufficient, he or she grants the motion and dismisses the case." *State v. McKone,* 673 A.2d 1068, 1072–73 (R.I.1996).

■ Our review of the decision on a motion to dismiss is deferential, and we will not reverse the findings of a "trial justice sitting without a jury unless it can be shown that he or she overlooked or misconceived relevant and material evidence or was otherwise clearly wrong."

*State v. Traficante,* 636 A.2d 692, 694 (R.I. 1994) (citing *Cerilli v. Newport Offshore, Ltd.,* 612 A.2d 35, 39 (R.I.1992)).

■ The defendant first argues that the trial justice could not have found him guilty of the lesser-included offense of second-degree child molestation because, in his view, the victim's statement that her grandfather "put his pee-pee in my pee-pee" referred only to penetration, and not to contact. This argument, we conclude, is most unpersuasive. Given the lack of physical and medical evidence to support the child's assertion of penetration, the trial justice found insufficient evidence to support defendant's conviction for first-degree child molestation. Nevertheless, he possessed the authority to find that the victim's testimony about her grandfather's sexual contact with her in the bedroom was sufficient to support a conclusion that enough sexual contact occurred between defendant and the victim to warrant his conviction for second-degree child molestation. Section 11–37–8.1 defines first-degree child molestation as "sexual penetration with a person fourteen (14) years of age or under," whereas second-degree child molestation is defined in § 11–37–8.3 as "sexual contact with another person fourteen (14) years of age or under." Furthermore, § 11–37–9, "Joinder of offenses," states in relevant part, that when "[a]ny person who is indicted for * * * first * * * degree child molestation * * * upon trial the jury [or trial justice] acquits that person of any of the charges of sexual assault and finds him or her guilty of any of the other [lesser-included] offenses [including second degree child molestation], judgment and sentence may be entered against him or her accordingly." We have held that "[a] lesser included offense is an offense 'that does not require proof of any additional element beyond those required by the greater offense.'" *State v. Godette,*

751 A.2d 742, 747 (R.I.2000) (quoting *State v. Rodriquez*, 731 A.2d 726, 729 (R.I.1999)). Because the trial justice found, beyond a reasonable doubt, that defendant engaged in sexual contact with the victim when he removed his and her clothes and then lay on top of her, but that the evidence was insufficient to prove sexual penetration of the victim, the trial justice justifiably convicted defendant of the lesser-included offense of second-degree child molestation. We are not convinced by defendant's argument that because the victim only alleged sexual penetration, the trial justice could not find defendant guilty of any other lesser sexual contact.

The defendant's next argument is that the trial justice erroneously found that the alleged sexual penetration occurred in the bathroom, when in fact it allegedly took place in the bedroom. This contention, however, is unsupported by the record. The trial justice clearly distinguished between the two separate instances of alleged sexual molestation. He found that defendant sexually molested the victim twice in one day—once in his bedroom and once in the bathroom. But the trial justice did not suggest that the alleged sexual-penetration incident occurred in the bathroom.[3] Therefore, we cannot say that the trial justice misconceived the evidence in this respect.

The defendant further suggests that the trial justice erroneously found that he was sexually aroused while he was in the bathroom with the victim, and in finding that he was physically capable of sexual arousal at all. Section 11–37–1(7) defines the prerequisite sexual contact necessary for a conviction of second-degree child molesta-

tion, as "the intentional touching of the victim's or accused's intimate parts * * * if that intentional touching can be reasonably construed as intended by the accused to be *for the purpose of sexual arousal, gratification, or assault.*" (Emphasis added.) *See also State v. Davis*, 670 A.2d 786, 789–91 (R.I.1996); *State v. Tobin*, 602 A.2d 528, 535 (R.I.1992) (both holding that sexual contact must occur for the purpose of sexual arousal, gratification, or assault to support conviction for second-degree child molestation). The defendant apparently misapprehends this statutory language in arguing that, because he was supposedly sexually impotent, he could not commit these crimes. Although the defense presented conflicting and ambiguous testimony concerning defendant's physical ability to become sexually aroused, the trial justice found that defendant could become aroused. Because the record supports this conclusion, we have no basis to disturb this finding on appeal.

Moreover, in relation to the bathroom incident, the trial justice found as a factual matter that "defendant was sexually aroused and did this for his sexual gratification." Thus, the trial justice concluded that defendant engaged in this activity "for his sexual gratification." Second-degree sexual molestation, however, can occur even if the acts do not produce physical arousal in the perpetrator, as long as the acts are committed for the purpose of his or her "sexual arousal, gratification, or assault." *In re David*, 741 A.2d 863, 866 (R.I.1999) (mem.) ("we do not read this statute so narrowly as to include a requirement of physical arousal"). In other words, a second-degree sexual assault can occur regardless of whether defendant is

---

**3.** The defendant refers us to the transcript, wherein the trial justice states "[t]his sexual contact took place in the bathroom of the Defendant's home." But that statement immediately follows, and clearly refers to, the trial justice's previous description of defendant's sexual contact with the victim's breasts. The record does not support defendant's suggestion that this statement refers to the separate bedroom incident.

capable of sexual arousal, provided defendant commits the acts in question for the purpose of sexual arousal, gratification, or assault. Therefore, we cannot quarrel with the trial justice's finding that defendant perpetrated these acts for his own sexual gratification and arousal, irrespective of whether his actions actually caused such an arousal to occur or whether, given his asserted impotence, they were even capable of causing such an arousal.

Finally, defendant argues that the trial justice overlooked contradictory evidence concerning the date that the sexual molestations occurred. He contends that the victim testified that the incidents occurred during the summer while she lived in Portsmouth, but also that they occurred when she attended school. The defendant suggests that the victim did not live in Portsmouth while she attended school. As a preliminary matter, we note that the law does not require the state to prove that the charged sexual molestations occurred on any specific date or dates, but only that these offenses took place on some particular but unspecified day or date(s) during the period named in the indictment. *See State v. McKenna,* 512 A.2d 113, 114–15 (R.I.1986). In addition, the lack of evidence concerning any identified, specific date on which the incidents occurred did not prejudice defendant. *See id.* The trial justice, moreover, found as a factual matter that defendant committed the assaults during the period described in the indictment and that they occurred while the victim lived in Portsmouth. Whether she was attending school when the molestations occurred and whether her testimony on this issue was consistent with other evidence about where she was residing at the time was immaterial. Thus, we will not disturb the trial justice's factual and credibility determinations on this point.

In sum, we cannot say that the trial justice misconceived or overlooked relevant evidence, or was otherwise clearly wrong in his rulings. In fact, our conclusion is quite to the contrary. The trial justice carefully weighed all the evidence before him, fashioned appropriate findings concerning the facts of the case, evaluated the credibility of the witnesses, and properly drew reasonable inferences from the evidence. His evidentiary analysis satisfied him, beyond a reasonable doubt, of defendant's guilt in committing two counts of second-degree child molestation. The trial justice also articulated detailed findings of fact about both alleged incidents. He specifically found that defendant and the victim were alone together on at least one day during the period charged in the indictment. He further found that, on that day, defendant lay on top of the victim in contact with her "intimate body parts" for the purpose of his sexual gratification. He also found that sufficient evidence of sexual penetration during this bedroom assault was lacking. Furthermore, the trial justice found that, later that same day, defendant again engaged in sexual contact with the child by touching his lips to her breasts, for his own sexual gratification. Although the trial justice found the child to be a generally credible witness, he found defendant to be untrustworthy, especially concerning his "ambiguous testimony regarding his ability to be sexually aroused and whether or not he was ever alone with his grandchildren * * *."

We are convinced that the trial justice faithfully executed his duty to act as an impartial fact-finder. He did not, as defendant suggests, overlook or misconceive evidence. Rather, the trial justice's findings evince a careful consideration of all the relevant evidence, as well as the credibility of all the relevant witnesses. Indeed, he specifically stated that he discounted several of the victim's statements,

specifically those involving the tape and chain. Moreover, he determined that the state presented insufficient evidence to convict defendant of first-degree child molestation. His conclusion that the state proved defendant's guilt beyond a reasonable doubt of two counts of second-degree child molestation was not clearly erroneous, and we therefore decline to vacate the convictions.

## II

### Defendant's Challenge to The Sexual Offender Registration and Community Notification Act

■ On appeal, without specifying which provision or provisions of the act he is attacking, defendant has articulated several state and federal constitutional challenges to the act. At defendant's sentencing hearing, however, his attorney raised only one specific challenge to the statute, as follows:

"[Counsel]: Just for the record, I'd like to raise an issue regarding as part of the sentence the Court brought up that Mr. Silvia has to register under the statute Offender Registration Community Notification Act that violates, it's unconstitutional, it violates Article One, Section Eight, an article within Section 10 of the Constitution of Rhode Island.[4]

\* \* \*

"The Court: Yes, and you're asking me at this stage to declare that statute unconstitutional?

"[Counsel]: Yes, your Honor.

"The Court: Without a hearing or briefs or anything else?

\* \* \*

"The Court: \* \* \* I'm very reluctant to do it, especially in this time frame and without more reflection \* \* \* So I'm not about to set aside the registration requirement of the statute for the reasons I set forth. If you want to file a memorandum and have me consider it at a special hearing under one of our rules to modify the sentence, be my guest. But I'm certainly not going to at this time sua sponte find an act of the General Assembly unconstitutional."

Neither defendant nor his counsel, however, accepted the trial justice's offer to raise these arguments at a "hearing under one of our rules to modify the sentence," nor did defendant or his counsel submit a written legal memorandum or motion in support of any constitutional challenge to the act.

■ As a general rule, we limit our review of a defendant's challenges to the constitutionality of legislation to the grounds he or she has raised and properly argued before the trial justice. Indeed:

"It is axiomatic that 'this [C]ourt will not consider an issue raised for the first time on appeal that was not properly presented before the trial court.' *State v. Saluter,* 715 A.2d 1250, 1258 (R.I. 1998) (quoting *State v. Gatone,* 698 A.2d 230, 242 (R.I.1997)). Although we have recognized an exception to this raise-or-waive rule when 'basic constitutional rights are concerned,' *State v. Mastracchio,* 672 A.2d 438, 446 (R.I.1996), the alleged error must be more than harmless, and the exception must implicate an issue of constitutional dimension derived from a novel rule of law that could not reasonably have been known to counsel at the time of trial. *State v. Gomes,* 690

---

4. We deem the reference to "an article within Section 10 of the Constitution of Rhode Is-

land" to be too vague to constitute a separate constitutional challenge to the act.

A.2d 310, 319 (R.I.1997). Because defendant had not identified any of the narrow exceptions to the raise-or-waive rule as applicable to his claim, we hold that his objection was waived." *State v. Breen,* 767 A.2d 50, 57 (R.I.2001) (holding that, when the defendant failed to advance his constitutional challenges "in [either] his memorandum [or] in the oral argument supporting his motion," he waived those constitutional challenges). Thus, because we hold that defendant failed to raise in the Superior Court all but one of his constitutional challenges to the act on appeal, we lack the required basis to address both the merits of these waived contentions and the state's ripeness argument at this time.

At his sentencing, however, the defendant verbally asserted, in a conclusory fashion, that the act violated art. 1, sec. 8, of the Rhode Island Constitution (barring inter alia the infliction of any cruel punishment). Nevertheless, we hold, the defendant has failed to preserve this contention on his direct appeal from his conviction by failing to submit any legal arguments to the Superior Court to support this position and by failing to file any appropriate motions with respect thereto, despite the sentencing justice's direct invitation for him to do so. In *Harvey Realty v. Killingly Manor Condominium Association,* 787 A.2d 465, 467 (R.I.2001), we addressed the limited circumstances in which this Court will review alleged constitutional violations that have not been adequately raised, briefed, and argued before the trial court. We stated there that "[t]he defendant must show that: 'First, the error complained of must consist of more than harmless error. Second, *the record must be sufficient to permit a determination of the issue.'*" *Id.* (Emphasis added.) Because the defendant and his counsel failed to accept the trial justice's offer for the defendant to pursue his conclusory art. 1, sec. 8, challenge at a "hearing under one of our rules to modify the sentence," so that the trial justice would have the benefit of whatever legal assistance, briefing, and arguments that the defendant could muster, here, as in *Harvey Realty,* "the insufficient record does not permit a determination of the issue." *Harvey Realty,* 787 A.2d at 467. In essence, we hold that, by failing to follow up on the trial justice's offer for the defendant to support his conclusory art. 1, sec. 8, contention with an appropriate motion and a supporting legal memorandum, the defendant waived his ability to address this issue on his direct appeal from his convictions.

## Conclusion

For the reasons stated above, we conclude that the trial justice did not err in denying the defendant's motion to dismiss. The defendant's convictions were not against the weight of the evidence. Thus, we deny that portion of the defendant's appeal and affirm his convictions. Furthermore, we are of the opinion that the defendant failed to preserve his constitutional challenges to the act by properly presenting these arguments to the Superior Court in the first instance. Thus, this portion of the defendant's appeal is also denied and dismissed, and we affirm the judgment of conviction.

Chief Justice WILLIAMS did not participate.