STATE

v.

Anibal SANTIAGO.

No. 2001–428–M.P.

Supreme Court of Rhode Island.

June 18, 2002.

Aaron L. Weisman, Providence, for Plaintiff.

David N. Cicilline, Bristol, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on April 15, 2002, pursuant to an order granting the state's petition for a writ of certiorari and directing the parties to appear and show cause why the issues raised in this petition should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the petition at this time.

At approximately 10:30 p.m. on November 29, 2000, Anibal Santiago (Santiago or defendant), a man serving a suspended sentence with probation on three separate cases,[1] was stopped by the Pawtucket police while operating an unregistered white Chevrolet; he did not have a valid driver's license. Pawtucket police Sergeant Scott MacLaughlin (MacLaughlin), unable to view the interior of the vehicle due to its tinted windows, approached the vehicle from the passenger side, and noted that the vehicle was occupied by three men. The defendant was driving and was accompanied by a front-seat passenger and a man in the back seat. Upon approaching the passenger window, MacLaughlin asked the passengers to show their hands. The defendant and the passenger in the front

---

1. The defendant previously had pleaded to one count of breaking and entering without the consent of the owner and one count of escaping from custody, for which he was sentenced to five years with three to serve and fifty-seven months suspended for the first count and one year suspended with probation for the second. On the same date, defendant was sentenced to five years with three to serve and fifty-seven months suspended for possession of a stolen motor vehicle and one year suspended with probation for eluding a police officer. The defendant also was sentenced on February 6, 1998, on one count of possession of a stolen motor vehicle and one count of possession of a weapon that was not a firearm. He was sentenced to ten years, two to serve and eight suspended with probation and one year suspended, respectively. On January 8, 2002, defendant was declared a violator of this sentence but was continued on the same.

seat complied, but the passenger in the back seat appeared to be asleep and did not respond. MacLaughlin made his way around the front of the vehicle and opened the driver's door with the intention of asking defendant to step out of the vehicle. As he did so, the front-seat passenger "reached towards the middle of the front seat [and] with both hands reached underneath the seat, and started ripping out an article from underneath the seat." Mac-Laughlin testified that at this point, "Mr. Santiago reached over as well" and he immediately pulled defendant from the vehicle. According to MacLaughlin, defendant and the passenger were reaching over toward the middle of the vehicle "[r]ight on the hump * * *." MacLaughlin testified that he then observed an empty plastic baggy floating towards the floor of the vehicle. As MacLaughlin pulled defendant from the vehicle, the front-seat passenger's door flew open and the passenger fled the vehicle. A subsequent search of the vehicle revealed two fully loaded .22–caliber revolvers partially concealed in a knit cap underneath the seat in the area where the passenger and the defendant had reached. According to the officer, if one looked straight down on the floor of the vehicle, the butt of one weapon could be seen. It was stipulated at trial that defendant did not have a permit to carry a weapon.

At the conclusion of the evidence, the hearing justice declared that "[t]here is not a scintilla of evidence * * * that suggest[s] that * * * Mr. Santiago * * * knew that the weapon was there" or "that he even knew that anything was under the seat." Recognizing that the applicable standard of proof was not "beyond a reasonable doubt," but whether he was "reasonably satisf[ied]" that defendant violated the terms and conditions of his probation, the hearing justice concluded that he was not reasonably satisfied and held that de-

fendant did not violate the terms and conditions of his probation. Pursuant to our holding in *State v. Gautier*, 774 A.2d 882, 886 (R.I.2001), providing for review of probation violation hearings to this Court by writ of certiorari, the attorney general is before the Court seeking review of the decision of the hearing justice.

Our review on certiorari is limited "to examining the record to determine if an error of law has been committed." *Gautier*, 774 A.2d at 886 (quoting *Gregson v. Packings & Insulations Corp.*, 708 A.2d 533, 535 (R.I.1998)). "We do not weigh the evidence presented below, but rather inspect the record to determine if any legally competent evidence exists therein to support the findings made by the trial justice." *Id.* At the outset, we note that nothing in the underlying record indicates that the hearing justice addressed the issue of constructive possession or considered whether defendant constructively possessed the contraband found in the vehicle. To find that a defendant constructively possessed illegal contraband, two elements must be satisfied. *In re Vannarith D.*, 731 A.2d 685, 689 (R.I.1999). First, the defendant must have had knowledge of the presence of the contraband and, second, the defendant must have intended to exercise control over the item. *Id.* Both of these factors "'can be inferred from a totality of the circumstances.'" *Id.* In the case at bar, the loaded firearms were found within reaching distance of defendant, in a vehicle he was operating. Further, defendant actually moved toward the area where the contraband was located. Although there were several suspects in the vehicle and the passenger in the front seat also reached for the contraband, constructive possession need not be exclusive; it can also be joint. *Id.* We are satisfied that in finding that there was not a "scintilla of

evidence" that defendant knew of the contraband's presence, the trial justice committed an error of law and failed to consider that knowledge of the existence and location of the contraband can be inferred from defendant's conduct in reaching toward the area where the contraband was located. Further, knowing possession also can be presumed when the contraband is found in the vehicle defendant is operating. *See State v. Gilman,* 110 R.I. 207, 217, 291 A.2d 425, 431 (1972). We previously have held that circumstances analogous to the ones present here are sufficient to uphold a conviction for constructive possession beyond a reasonable doubt. *See State v. Pena Lora,* 746 A.2d 113, 120, 121 (R.I.2000) (defendant found to constructively possess illicit substances found in rear of automobile he did not own, but was operating); *State v. Mercado,* 635 A.2d 260, 264, 265 (R.I.1993) (presence of illicit substance in trunk of vehicle and defendant's presence as passenger in vehicle enough to uphold conviction for constructive possession). As the hearing justice noted, however, the applicable burden of proof for probation violations is significantly less; the hearing justice simply must be reasonably satisfied that a probation violation occurred.

We conclude, however, that the hearing justice misconceived his role at the probation revocation hearing when he applied the "reasonably satisf[ied]" standard to the narrow question of whether defendant was guilty of the underlying charges.

The relevant question before the hearing justice was not whether he was reasonably satisfied that Santiago was guilty of possession of the firearms, but rather, as we made clear in *Gautier,* whether he "had been lacking in the required good behavior expected and required by his probationary status." *Gautier,* 774 A.2d at 887 (quoting *State v. Znosko,* 755 A.2d 832, 834–35 (R.I. 2000) and *State v. Godette,* 751 A.2d 742, 745 (R.I.2000)). Such a finding need not rest solely on proof that Santiago actually possessed the firearms; rather, it can simply rest upon the fact that defendant was serving several suspended sentences and was apprehended while operating an unregistered vehicle,[2] without a valid driver's license and with two fully loaded unlicensed firearms within his reach.

We reiterate that in determining whether the state has sustained its burden of demonstrating, to the reasonable satisfaction of the hearing justice, that the defendant violated the terms and conditions of his probation, the focus is on the behavior of the defendant—did the defendant keep the peace and was he of good behavior? Although we stop short of usurping the hearing justice's role by concluding that the conduct presented here is indeed lacking in the required good behavior expected of a person serving a probationary term, we hold that the hearing justice committed an error of law when he limited his decision to the merits of the underlying charges.

2. Defense counsel at oral argument has referred us to *State v. Lanigan,* 114 R.I. 514, 335 A.2d 917 (1975), a case that he suggests stands for the proposition that a defendant cannot violate his probation for operating a vehicle without a valid driver's license and by extension, therefore, cannot be violated for the similar infraction of operating an unregistered vehicle. Our *dicta* in *Lanigan,* a case whose central proposition was that a defendant cannot be violated at a probation hearing for an infraction of which he was not given notice, is not relevant to the instant case. *Id.* at 518, 335 A.2d at 920. We stated in *Lanigan* that operating a vehicle without a valid driver's license was not the type of antisocial behavior *"standing by itself"* that would warrant a finding of defendant as violator. *Id.* As we have made clear, there were a number of other serious aggravating circumstances present here.

Accordingly, the petition for certiorari is granted. The judgment of the Superior Court is quashed. The papers in this case are remanded to the Superior Court for a new probation violation hearing in accordance with this opinion.