**STATE**

v.

**Brian R. PIETTE.**

**No. 2002–580–Appeal.**

Supreme Court of Rhode Island.

Nov. 5, 2003.

---

Marcy Coleman, for Plaintiff.

Paula Lynch, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

Found unconscious in the driver's seat of a stolen motor vehicle that had just collided with another car, the defendant, Brian R. Piette, objects on appeal to a hearing justice's probation-revocation decision. We consider here whether the evidence introduced at the Superior Court hearing was sufficient to support the violation adjudication.

After adjudging defendant to have violated the terms of his probation, the hearing justice ordered him to serve four years of a previously imposed but suspended sentence. On appeal, defendant decries

the sufficiency of the evidence to support that adjudication. For the reasons explained in this opinion, we hold that the hearing justice did not abuse his discretion in finding defendant to be a violator.

The factual background leading up to the probation-violation adjudication was as follows. On June 14, 1999, the defendant pled nolo contendere to possession of a stolen motor vehicle. As a result, the Superior Court sentenced him to a five-year term of imprisonment: six months to serve, the remainder suspended, with probation. In September 1999, defendant also pled nolo contendere to domestic simple assault, for which the court sentenced him to serve a concurrent five-year term: one year to serve, the remainder suspended, with probation.

Thereafter, defendant engaged in the misconduct that led to the revocation of his probation. During the early morning hours of July 24, 2001, the owner of a car called the police to report that someone had stolen her automobile. The owner had left the car parked behind her Woonsocket residence. Seven hours or so later, at approximately 7:15 on that same morning, the North Smithfield police responded to a report of a motor-vehicle accident in the parking lot of the Hilltop Motor Inn. Several people there told the responding officer that another car in the lot had collided with their car. The vehicle that caused the collision was the same car that the owner had reported as stolen several hours earlier. The officer then heard a loud noise coming from the vehicle allegedly at fault. He went over to that car and observed defendant, who was unconscious, slumped over in the driver's seat. His foot was pressing on the gas pedal and revving the engine, while fluid leaked from the car and smoke billowed from under the car's hood. The policeman reached through the window and turned the key in the ignition

to off. Although the officer attempted unsuccessfully to revive him, defendant remained comatose. Ultimately, he received treatment at a nearby hospital and regained consciousness.

At the conclusion of the probation-violation hearing, the hearing justice found defendant to have violated the terms and conditions of his probation. He concluded there was "overwhelming evidence that this defendant [was] a violator on a number of bases." The court found that "there is substantial evidence to believe that he was knowingly in possession of a stolen motor vehicle and/or driving without the consent of the owner." Because the police found defendant unconscious in the driver's seat of a stolen car that had just collided with another vehicle, with defendant's foot still on the car's accelerator, the hearing justice concluded that defendant had not kept the peace or remained on good behavior while serving his probation. As noted, he then ordered defendant to serve four years of a previously suspended sentence, thus revoking the rest of his probation.

After the Superior Court revoked defendant's probation and while his appeal from that adjudication was pending, defendant pled nolo contendere to the criminal charge of possessing a stolen motor vehicle that arose out of the same alleged misconduct that led to the probation violation. As a result of that plea, he received a three-year sentence of incarceration, with six months to serve and the rest suspended, with probation.

On the probation-violation appeal, a single justice of this Court ordered the parties to show cause why we should not decide this appeal summarily. After considering the parties' written and oral submissions, we conclude that they have not done so; therefore, we proceed to decide the case at this time.

The defendant contends that the trial justice erred in finding him in violation of his probation because the state produced insufficient evidence to show that he knew the vehicle was stolen, that he consciously possessed the vehicle, or that he voluntarily or intentionally operated the stolen vehicle.

■ The state argues that defendant's later nolo contendere plea to the charge of possessing a stolen motor vehicle constituted a judicial admission that sufficient evidence existed to convict defendant beyond a reasonable doubt of the crimes covered by his plea. It correctly points out that the burden of proof for finding a probation violation—"reasonably satisfactory evidence," *Hampton v. State,* 786 A.2d 375, 379 (R.I.2001)—is much lower than the beyond-a-reasonable-doubt standard applicable to criminal cases. The state then asserts that defendant's intervening nolo plea to the underlying criminal charge of possessing a stolen motor vehicle forecloses his argument on appeal from the probation violation, in which he attempts to challenge the sufficiency of the evidence to support that adjudication. In any event, the state contends, the trial justice reasonably relied on the uncontradicted evidence presented to determine that defendant was indeed a violator; therefore, it suggests, he did not act arbitrarily or capriciously in so concluding.

■ It is well settled that this Court will reverse a probation-violation finding only if the trial justice acted arbitrarily or capriciously. *State v. Znosko,* 755 A.2d 832, 834 (R.I.2000) (per curiam). To find a probation violation, the hearing justice must be reasonably satisfied that the defendant violated one or more terms of the probation. *Id.* The court's role is not to determine the defendant's criminal guilt or innocence with respect to the underlying conduct that triggered the violation hearing. *Hampton,* 786 A.2d at 379. Rather, the only determination properly before the court is whether the defendant's conduct " 'had been lacking in the required good behavior expected and required by his probationary status.' " *State v. Gautier,* 774 A.2d 882, 887 (R.I.2001) (quoting *Znosko,* 755 A.2d at 834–35). *See also State v. Santiago,* 799 A.2d 285, 288 (R.I.2002) (per curiam); *State v. Godette,* 751 A.2d 742, 745 (R.I.2000) (per curiam).

■ The state's burden in establishing a probation violation "is to adduce reasonably satisfactory evidence of the defendant's violation of one of the terms of his probation, but not evidence establishing a violation beyond a reasonable doubt." *Hampton,* 786 A.2d at 379 (citing *State v. Kennedy,* 702 A.2d 28, 31 (R.I.1997)). The hearing justice can draw reasonable inferences from the evidence presented to determine whether the defendant violated the terms of his probation. *See State v. Ratchford,* 732 A.2d 120, 124 (R.I.1999) (per curiam).

■ Based upon our review of the record, we conclude that the evidence was more than sufficient for the hearing justice to find that defendant violated the terms of his probation. The common-law presumption is that "[p]ossession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which [one] may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen." *Barnes v. United States,* 412 U.S. 837, 840 n. 3, 93 S.Ct. 2357, 2360 n. 3, 37 L.Ed.2d 380, 384 n. 3 (1973). Indeed this inference is deeply rooted in our law. For centuries courts have instructed juries that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen

goods. *Id.* at 843, 93 S.Ct. at 2362, 37 L.Ed.2d at 386. *See also Barnlund v. State,* 724 So.2d 632, 633 (Fla.Dist.Ct.App. 1998); *People v. Heard,* 80 Ill.App.3d 701, 35 Ill.Dec. 928, 400 N.E.2d 65, 69 (1980); *Wynn v. State,* 117 Md.App. 133, 699 A.2d 512, 529 (Spec.App.1997), and *rev'd on other grounds,* 351 Md. 307, 718 A.2d 588 (1998).

In this case, the owner of the car testified that she last saw the car at approximately 12:30 a.m. on July 24, 2001. Less than seven hours later, the police found defendant unconscious in the driver's seat of the owner's stolen car with his foot still on the gas pedal. Witnesses indicated that the car just had collided with another vehicle in the parking lot. In addition, defendant failed to provide the court with an innocent explanation to establish why the police found him unconscious behind the wheel of the stolen vehicle with his foot still gunning the engine.

The defendant merely raises his alleged lack of conscious intent and lack of conscious possession as potential defenses to the criminal stolen-motor-vehicle charge. Those defenses, however, go to the underlying criminal charges, which, as previously noted, were disposed of later when defendant entered a nolo plea. But they do not explain or excuse his behavior on the night in question with respect to his obligation to keep the peace and remain on good behavior. Moreover, defendant introduced no evidence at the probation-violation hearing, which is civil in nature, to support such defenses or to explain his presence in the stolen car. In light of the evidence pointing to defendant's misconduct vis-a-vis the stolen car and the dearth of exculpatory evidence, the hearing justice, we hold, reasonably concluded that defendant had failed to keep the peace and to remain on good behavior, as required by his probation agreement.

Thus, even without considering the defendant's intervening nolo plea to the criminal charges arising out of his conduct on the date in question, ample evidence supported the hearing justice's determination that the defendant had violated his probation. Because the hearing justice's decision was neither arbitrary nor capricious, we accord it full deference.

For these reasons, we affirm the judgment and, in light of this determination, we have no need to reach the state's collateral-estoppel arguments, which we reserve for another day.