**STATE**

v.

**Anibal SANTIAGO.**

**No. 2003–335–C.A.**

Supreme Court of Rhode Island.

April 22, 2004.

Aaron L. Weisman, Esq., Providence, for Plaintiff.

Janice M. Weisfeld, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on March 9, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The facts of this case were set forth previously in *State v. Santiago*, 799 A.2d 285 (R.I.2002) (per curiam) (*Santiago I*):

"At approximately 10:30 p.m. on November 29, 2000, Anibal Santiago (Santiago or defendant), a man serving a suspended sentence with probation on three separate cases, was stopped by the Pawtucket police while operating an unregistered white Chevrolet; he did not have a valid driver's license. * * * A subsequent search of the vehicle revealed two fully loaded .22–caliber revolvers partially concealed in a knit cap underneath the seat in the area where the passenger and the defendant had reached. According to the officer, if one looked straight down on the floor of the vehicle, the butt of one weapon could be seen. It was stipulated at trial that defendant did not have a permit to carry a weapon." *Id.* at 286, 287.

The hearing justice found that there was not a "scintilla of evidence" to suggest that defendant "knew that the weapon was there" or "that anything was under the seat" and as such, he was not reasonably satisfied that defendant had violated the terms and conditions of his probation. *Id.* at 287. We concluded that the hearing justice erred because "[t]he relevant question before the hearing justice was not whether he was reasonably satisfied that [defendant] was guilty of possession of the firearms, but rather * * * whether he 'had been lacking in the required good behavior expected and required by his probationary status.'" *Id.* at 288 (quoting *State v. Gautier*, 774 A.2d 882, 887 (R.I.2001)). We quashed the judgment of the Superior Court and remanded the case for a new probation violation hearing. *Id.* at 289. In the meantime, pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure, the state dismissed the underlying criminal information.

Rather than proceed to a second probation violation hearing, on October 23, 2002, defendant waived the hearing and admitted to the probation violation. The trial justice accepted defendant's admission of violation and continued defendant on the same suspended sentence.

Two months later, on December 9, 2002, the state recharged defendant with two firearms offenses stemming from his arrest on November 29, 2000. The defendant's motion to dismiss the charges was denied after a hearing before the Superior Court on April 3, 2003. On appeal, defendant asserts that the doctrine of collateral estoppel bars the state from prosecuting him for the firearm possession offenses because previously there had been a judicial finding, at defendant's first probation violation hearing, that the state failed to produce evidence proving that defendant knew the weapons were in the vehicle and therefore could not knowingly have possessed the contraband. We reject defendant's novel argument.

 "Collateral estoppel 'means simply that when an issue of ultimate fact has once been determined by a *valid and final judgment,* that issue cannot again be litigated between the same parties in any future lawsuit.'" *State v. Hie,* 688 A.2d 283, 284 (R.I.1996) (per curiam) (quoting *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). (Emphasis added.) For a party to be collaterally estopped from relitigating an issue, there must be (1) an identity of issues, (2) the previous proceeding must have resulted in a *final judgment on the merits,* and (3) the party against whom collateral estoppel is asserted must be the same or in privity with a party in the previous proceeding. *State v. Godette,* 751 A.2d 742, 746 (R.I.2000) (per curiam) (citing *Taylor v. Delta Electro Power, Inc.,* 741 A.2d 265, 267 (R.I.1999) (per curiam) and *Garganta v. Mobile Village, Inc.,* 730 A.2d 1, 4 (R.I. 1999) (per curiam)). (Emphasis added.)

 Collateral estoppel is not available to this defendant because there has not been a valid and final judgment on the ultimate issues in this case. In *Santiago I,* we quashed the decision of the trial justice and declared his findings to be erroneous. Thus, that decision is a nullity and has no preclusive effect. Moreover, as we specifically noted in *Santiago I,* 799 A.2d at 287, the hearing justice never addressed the issue of constructive possession, which is the seminal issue in the underlying firearm possession charges. No fact-finder yet has determined whether, based on the evidence the state expects to prove, the defendant constructively possessed the contraband. Accordingly, the defendant's collateral estoppel argument must fail.

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court for trial.