May 2, 2022

**Supreme Court**

No. 2021-47-C.A.
(N2/10-173A)

State                    :

v.                       :

Geoffrey A. Regan.       :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State     :

v.      :

Geoffrey A. Regan.  :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.** This case came before the Supreme Court on March 1, 2022, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Geoffrey A. Regan (defendant or Regan), appeals from a Superior Court decision and order declaring him to be in violation of his probation.[1] For the reasons stated herein, we vacate the order of the Superior Court.

## Facts and Travel

In January 2011, a judgment of conviction entered following defendant's plea of nolo contendere to the charge of unlawful appropriation in an amount greater than $1,000, in violation of G.L. 1956 § 11-41-11.1. He was sentenced to

---

[1] The defendant, who is a disbarred lawyer, appeared *pro se*.

ten years at the Adult Correctional Institutions, with one year to serve at the ACI, one year to serve on home confinement, and eight years suspended, with probation.[2] The defendant also was required to perform 250 hours of community service and, relevant to this appeal, to pay restitution in the amount of $520,295.46. No hearing was held to determine defendant's ability to satisfy this obligation. In June 2017, Regan signed a periodic payment plan in the Superior Court, providing that he was to make monthly payments of $200 toward his restitution obligation (the payment plan). There was no dispute that Regan has been in full compliance with the payment plan.

Nonetheless, on September 10, 2018, in anticipation of Regan's failure "to pay restitution in full prior to expiration of sentence[,]" the state filed a notice pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure alleging that Regan failed to comply with his restitution condition and was, therefore, in violation of his probation. In support of the notice of violation, the state pointed to the criminal case docket, which stated, "Restitution * * * $520,295.46, 01/10/2011-12/15/2018, Closed 12/15/2018[,]" and the state contended that it was this notation that mandated Regan to pay restitution in full by December 15, 2018.

---

[2] On May 4, 2010, defendant filed a request to enter a plea, and on December 16, 2010, the Superior Court held a sentencing hearing; the sentence was executed, and the judgment of conviction entered on January 10, 2011.

Two years later, on December 7, 2020, the Superior Court conducted a violation hearing. The trial justice, recognizing that Regan's "sentence [was] coming up to expire[,]" determined that, if he was declared a probation violator for failure to pay restitution, the Superior Court could then "keep sentencing open on that violation past the time that [his] probation would otherwise have expired." Although there was no dispute that Regan was in compliance with the court-ordered payment plan, the trial justice nonetheless declared Regan to be a probation violator. The trial justice reasoned that Regan's sentence obligated him "to pay restitution in the time period in which [he] w[as] sentenced * * * [and] short of a miracle[,]" he would be unable to pay the remaining $488,000 balance before the sentence expired in January 2021. The trial justice held that the court would continue to review the matter for sentencing on the violation to ensure that Regan continued to make payments, but that, at any given point, the court could "remove the suspended period of time and order [him] to serve that amount of time at the ACI[.]" (Citing *State v. LaRoche*, 883 A.2d 1151 (R.I. 2005).)

On December 24, 2020, an order entered declaring Regan a probation violator "based on his failure to pay the full amount of the court ordered restitution prior to the expiration of his probationary period."[3] Regan filed a timely appeal.

---

[3] The sentencing hearing on the finding of probation violation was initially scheduled for March 2021, and then was rescheduled on several occasions, while

## Standard of Review

To establish a probation violation, the state must demonstrate "by a fair preponderance of the evidence that the defendant breached a condition of the defendant's probation[.]" Super. R. Crim. P. 32(f). "This Court will reverse a probation-violation finding only if the hearing justice acted arbitrarily or capriciously." *LaRoche*, 883 A.2d at 1154.

## Analysis

Before this Court, defendant argues that the trial justice erred in declaring him a violator and delaying the imposition of sentence in order to continue to review his payment progress, specifically when the judgment of conviction does not place a time limit on payment of restitution. The defendant's argument comprises two distinct issues: (1) whether failure to pay restitution in full by the expiration of Regan's sentence amounted to a violation of the terms and conditions of his probation; and, if so, (2) whether the trial justice had the authority to keep a prison "sentence hanging over [Regan's] head" beyond the time when his sentence and probationary term had expired. Because we conclude that the decision of the trial justice declaring Regan in violation of his probation was arbitrary and capricious, we vacate the order of the Superior Court.

---

Regan was required to continue making payments. The sentencing hearing has not yet occurred.

- 4 -

"It is well settled in this jurisdiction that appeals from interlocutory orders are not permitted unless they fall within certain well-defined exceptions[,]" *State v. Minior*, 175 A.3d 1202, 1206 (R.I. 2018) (quoting *Boranian v. Richer*, 983 A.2d 834, 837 (R.I. 2009)), save for "such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm." *DePina v. State*, 79 A.3d 1284, 1288 (R.I. 2013) (quoting *Town of Lincoln v. Cournoyer*, 118 R.I. 644, 648, 375 A.2d 410, 412-13 (1977)). Otherwise, "[i]nterlocutory orders are reviewable only by way of writ of certiorari." *Dale v. Dale*, 37 A.3d 124, 124 (R.I. 2012) (mem.).

More than a year after declaring Regan a probation violator, the Superior Court has neither sentenced Regan nor directed the entry of a final judgment. Although the order declaring him a violator is interlocutory, and elements of finality are scant, the deliberate choice to keep the sentence "hanging over [Regan's] head"—with the possibility of prison for a violation of a probationary period that has long expired—has prompted our review.

"The sole purpose of a probation-revocation proceeding is for the hearing justice to determine whether defendant failed to keep the peace and remain on good behavior, both of which are conditions of probation." *State v. Forbes*, 925 A.2d 929, 934 (R.I. 2007). One of the "basic conditions of probation[,]" according to G.L. 1956 § 12-19-8.1, is for a defendant to "[p]ay restitution * * * *based on the*

- 5 -

*defendant's ability to pay*[.]" Section 12-19-8.1(a)(8) (emphasis added). Consequently, in order to constitute a probation violation with consequences for a breach of this condition, the court must determine a defendant's ability and efforts to pay restitution—that is, "the reasons for the noncompliance." *LaRoche*, 883 A.2d at 1154.

"If the probationer has made sincere efforts to legally acquire the necessary money, but remains unable to comply with a restitution obligation, then the court must consider alternate measures of punishment other than incarceration." *LaRoche*, 883 A.2d at 1154 (citing *Bearden v. Georgia*, 461 U.S. 660, 672 (1983)). "On the other hand, if the probationer has either refused to pay or has not made 'sufficient bona fide efforts' to acquire the resources to pay, then the sentencing court may revoke probation and impose a prison sentence." *Id.* (quoting *Bearden*, 461 U.S. at 672). Nevertheless, there must first be a declaration that a defendant was noncompliant with a payment obligation in order for a finding of probation violation to be valid. *See* § 12-19-8.1(d); *see also* Super. R. Crim. P. 32(f). The running of time, such that payment-in-full is not achievable, is not enough to call for a prison sentence. *See Bearden*, 461 U.S. at 672-73; *see also LaRoche*, 883 A.2d at 1154.

In the case at bar, the trial justice found that restitution was a condition of defendant's probation and that defendant would be unable to pay the balance in full

before the expiration of his sentence. Although there was no dispute that Regan was compliant with the court-ordered payment plan, the trial justice nonetheless declared that failure to pay restitution in full before his sentence expired was a violation, without any findings with respect to Regan's ability to pay or whether Regan's failure to pay the full amount of restitution was willful, deliberate, or in defiance of his obligations. Given that the trial justice disregarded this standard, we are of the opinion that this finding was arbitrary and capricious.

This Court has recognized that a restitution payment obligation need not be linked to the duration of the underlying sentence. *See State v. Traudt*, 679 A.2d 330, 332 (R.I. 1996). Court-ordered restitution ripens into a civil judgment on behalf of the victim and is enforceable as such. *See* G.L. 1956 § 12-28-5.1. This is a collateral consequence of a conviction or plea. Thereafter, "[t]he state may maintain a civil action to place a lien on the personal or real property of a defendant who is assessed restitution, as well as to seek wage garnishment, and/or seek enforcement of civil judgment entered in accordance with § 12-28-5.1 consistent with state and federal law." Section 12-19-34(c). This is the responsibility of the state and does not implicate a prison sentence hanging over one's head. *See id.*

As a result, upon expiration of a defendant's probation, the "defendant remains civilly liable for the restitution." *Traudt*, 679 A.2d at 332. If a time period

for payment is set forth in an order and payment is not made in accordance with the order, interest begins to accrue, with costs and fees, and the judgment becomes enforceable in accordance with laws applicable to "civil cases generally." *See* § 12-28-5.1. Accordingly, if a defendant is compliant with court-ordered restitution payments and simply runs out of time, the remedy does not include incarceration, absent a finding of willful violation. *See State v. Price*, 820 A.2d 956, 969 (R.I. 2003) (discussing civil contempt to coerce compliance with a court order). In this case, because Regan's sentence has long expired, there are other statutory remedies that the state may pursue. *See* § 12-19-34.

Under the circumstances of this case, we touch on the folly that gave rise to this dispute. Imposition of a restitution order in such an insurmountable amount in the absence of a hearing on the accused's ability to pay ought to be avoided. The court should proceed with caution before entering orders proposed by the state that seek unrealistic restitution amounts as part of a criminal sentence. In addition, in this case, the judgment of conviction—which is the controlling document—does not place a timeline on payment of restitution. In the absence of a finding concerning Regan's ability to pay this amount, it is irrational to conclude that Regan would face a lengthy period of incarceration simply because he could not satisfy $520,295.46 in monthly payments of $200. Simply put, there were not enough months in his sentence to accomplish this goal.

Although a probation violation may result in lifting the suspended portion of a sentence and imposition of imprisonment, it is well established that a probation violation does not allow the trial justice to extend probation or impose a sentence after probation has expired. *See, e.g.*, *State v. Tavares*, 837 A.2d 730, 733 (R.I. 2003) ("The purpose of having a time limitation on the length of the probation is to assure the defendant that once the probation has expired, 'he will not have the threat of imprisonment for this offense hanging over his head for the rest of his life.'") (quoting *State v. Santos*, 498 A.2d 1024, 1026 (R.I. 1985)).

In this case, after declaring that Regan was in violation of his probation, the trial justice continued the sentencing hearing on several occasions in order to keep the sentence "hanging over [his] head" so that in the event Regan failed to comply with making payments, the court could "remove the suspended period of time and order [him] to serve that amount of time at the ACI[.]" However, as of January 2021, Regan's probation had expired and there no longer existed a sentence to impose. While Regan remains civilly liable for his restitution obligation, his sentence and the Superior Court's jurisdiction to oversee his probation for the offense for which he was convicted has concluded.

## Conclusion

Based on the foregoing, we vacate the order of the Superior Court. The papers in this case may be remanded to the Superior Court.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | State v. Geoffrey A. Regan. |
| **Case Number** | No. 2021-47-C.A. (N2/10-173A) |
| **Date Opinion Filed** | May 2, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kristin E. Rodgers |
| **Attorney(s) on Appeal** | For State:<br><br>Brianne M. Chevalier<br>Department of Attorney General<br><br>For Defendant:<br><br>Geoffrey A. Regan, *Pro Se* |

SU-CMS-02A (revised June 2020)